Department of Workforce Development
Equal Rights Division
P.O. Box 8928
Madison, WI 53708-8928
Telephone: (608) 266-6860
Fax: (608) 267-4592
TTY: (608) 264-8752



STATE OF WISCONSIN
DWD
Department of Workforce Development

Scott Walker, Governor
Raymond Allen, Secretary

DATED AND MAILED **AUG 3 1 2017**

Kenneth L. Schmidt
508 Stone St.
Beaver Dam, WI 53916
    Complainant

vs.

INITIAL DETERMINATION -
NO PROBABLE CAUSE/PROBABLE CAUSE

ERD Case No. CR201700227
EEOC Case No. 26G201700455C

Metalcraft of Mayville Inc.
1000 Metalcraft Dr.
Mayville, WI 53050-2354
    Respondent



EXHIBIT 1

I. THE DIVISION DECIDED:

There is not probable cause to believe Metalcraft of Mayville Inc. may have violated the Wisconsin Fair Employment Law, sec. 111.31--111.395, Stats., by:

A.     discriminating against the Complainant because the Complainant opposed a discriminatory practice under that Act.

This part of the complaint is therefore dismissed.

HOWEVER:

There is probable cause to believe Metalcraft of Mayville Inc. may have violated the Wisconsin Fair Employment Law, sec. 111.31--111.395, Stats., by:

A.     refusing to hire or employ the Complainant because of disability.

This part of the complaint will continue to be processed.

II. THIS MEANS:

The Division found no reason to hold a formal hearing on that part of the complaint involving discriminating against the Complainant because the Complainant opposed a discriminatory practice under that Act and the Division is dismissing that part of the complaint.

The Division found reason to hold a formal hearing on that part of the complaint involving refusing to hire the Complainant because of disability to decide if the Respondent violated the Wisconsin Fair Employment Act.

III. THE NEXT STEP IS:

The dismissal of that part of the complaint involving discriminating against the Complainant because the Complainant opposed a discriminatory practice under that Act will become final unless the Complainant submits a written appeal letter to the Equal Rights Division, P.O. Box 8928, 201 East Washington Avenue, Room A100, Madison, Wisconsin 53708-8928. The appeal letter must be <u>received</u> within 30 days of the date this determination was mailed. (The DATE OF MAILING is stamped at the top of the Initial Determination.) In the appeal letter, the Complainant must state the specific reasons for appealing. The Division will close that part of the complaint involving discriminating against the Complainant because the Complainant opposed a discriminatory practice under that Act without further action if no timely appeal is received.

This case will be certified for a formal hearing. If the Complainant appeals the no probable cause portion of this decision, a hearing will be held on those issues first. If the Administrative Law Judge finds probable cause after that hearing, a second hearing will be held on the merits of the complaint. If the Complainant does not appeal the no probable cause portions of this determination, the Administrative Law Judge will conduct a merits hearing on the probable cause portion of the complaint. A notice of hearing stating the date, time, and place of hearing will be sent to the parties in the near future. This notice will also include an information sheet, as well as a copy of the statutes and administrative code. At the hearing, the parties will be given the opportunity to present evidence to support their cases. Neither the Initial Determination, nor the evidence presented to the Equal Rights Division during the investigation of this case, will automatically become part of the record at hearing. <u>The Administrative Law Judge will only consider evidence presented at the hearing.</u>

Contact the Administrative Law Judge by letter if you wish to pursue settlement of this case prior to hearing. The Administrative Law Judge will assist in resolving the case if the parties voice interest. The parties may wish to consult with an attorney for legal advice.

IV. DATE OF FILING AND/OR INITIAL WRITTEN CONTACT:

    A. The Complainant contacted the Division in writing on January 23, 2017, alleging employment discrimination. The Division accepted the complaint on January 23, 2017.

V. THE DIVISION DECIDED THERE WAS NO PROBABLE CAUSE AS TO PART OF THE COMPLAINT AND PROBABLE CAUSE AS TO ANOTHER PART OF THE COMPLAINT BASED ON THE FOLLOWING INFORMATION:

    A. The Respondent is Metalcraft of Mayville Inc., which is a custom metal fabrication manufacturer with a location in Mayville, Wisconsin.

    B. The Complainant, Kenneth L. Schmidt, worked for the Respondent from October 2000 to August 2014 in the Assembly Department. The Complainant identifies his disability as diabetes.

    C. The Complainant alleges that the Respondent refused to hire him because of his disability and because he previously filed a federal discrimination complaint against the Respondent.

D. The Respondent explains that the Complainant's doctor provided it multiple notes stating that the Complainant was 100% unable to perform his job functions during his employment. The Complainant's doctor provided the Respondent notes stating that the Complainant could not return to work in May 2014.

E. In July 2014, the Complainant's doctor listed his restrictions as no standing, kneeling, squatting, bending, stooping, twisting, walking, climbing, lifting, and carrying.

F. In August 2014, the Respondent laid the Complainant off because it could not accommodate his disabilities and restrictions.

G. On January 16, 2016, the Complainant filed a discrimination complaint (443201600068C) with the Equal Employment Opportunity Commission (EEOC) regarding his layoff. The Complainant adds that the Respondent "was obviously aware of my EEOC complaint."

H. The Complainant has applied for numerous open positions with the Respondent in 2016 and 2017, and identified himself as disabled on the applications. He asserts that he is qualified and able to perform the positions, and they include: Productions Helper, which he applied for on July 13, 2016; Robotic Welder, which he applied for on January 12, 2017; Assembler, which he applied for on January 12, 2017; and Production Helper, which he applied for on January 12, 2017.

I. The Respondent adds that the Complainant is not qualified for the new positions for which he applied in 2016 and 2017 because of his restrictions. The Respondent explains that the Complainant "was in no way considered for these positions – he was not moved through any part of the hiring process nor was he considered against other candidates."

J. The Respondent contends that the Complainant's restrictions are the only restrictions ever known to it, and it considered the restrictions up-to-date because "nothing ever changed." The Respondent asserts that the Complainant's "condition and medical restrictions have not improved since then."

K. The Respondent contends that the Equal Rights Division should not investigate this complaint because it is a duplicate of the Complainant's EEOC complaint (443201600068C) because it restates the same issues regarding his disabilities and his layoff. The Respondent claims that this complaint is an extension of the Complainant's EEOC complaint filed in January of 2016, and is therefore, untimely. The Respondent adds that this complaint is "merely an attempt to revive or resuscitate his earlier time-barred charge, and it duplicates the earlier charge by restating the identical issues regarding his alleged discriminatory layoff because of his disability."

L. The Complainant claims that his restrictions have changed since 2014, and the Respondent did not reassess his disability or possible restrictions when it denied his job applications in 2016 and 2017. The Complainant offers that his physician completed a fitness for duty authorization in August 2016 in which his posture and motion restrictions have been altered to the point where he can perform all the positions' tasks for up to eight hours per day, except for climbing, which he can do as needed.

M. The Complainant provides two return-to-work forms from his physician. One is dated August 8, 2016, and allows him to return to work, "using Cam Walker Boot for protecting the left foot and kneeling scooter." The other is dated January 13, 2017, and states that the Complainant is "currently using a rolling knee walker for assistance in walking. This walker does not restrict his ability to perform his employment duties."

N. The Respondent argues that the Complainant did not provide it with his new medical restrictions. The Respondent claims that there is no reason to believe or know that the Complainant's medical condition could or would improve based on his prior absences, totaling three years during his employment.

VI. INVESTIGATOR'S EXPLANATION:

A. The Equal Rights Division has the authority to investigate this complaint because the complaint includes new and separate claims from the Complainant's EEOC complaint, which only appears to have included claims for layoff and accommodation. This complaint includes claims for failure to hire because of disability and in retaliation for filing an EEOC complaint. The claims are timely filed because the Complainant filed his complaint within 300 days of the Respondent turning him down for the new positions.

B. It does not appear that the Respondent retaliated against the Complainant by refusing to hire him because he filed an EEOC complaint. The Complainant does not provide evidence to support this claim other than that the Respondent was "aware" that he filed an EEOC complaint during the time that the Complainant applied for the positions and the Respondent turned him down.

C. The evidence in this case shows that the Respondent refused to hire the Complainant because of his disability. It is reasonable to believe that the Complainant applied for the new positions because he believed that he was qualified and able to perform the positions. The Respondent admits that it did not even consider the Complainant for the new positions that he applied for due to its reliance on his 2 ½-year-old disability restrictions. The Respondent's unwarranted assumption about the Complainant's outdated restrictions clearly affected the Respondent's hiring decision and gives reason to believe that the Respondent may have violated the Wisconsin Fair Employment Law.

Jenna Konruff
Equal Rights Officer

cc: Complainant
Peter J. Fox, Attorney for the Complainant
Respondent
Thomas P. Krukowski & Deborah A. Krukowski, Attorneys for the Respondent
EEOC