

**MALLERY & ZIMMERMAN** S.C.

A Limited Liability Service Corporation

Thomas P. Krukowski
Direct Telephone: 414-881-4210
Email: tkrukowski@mzmilw.com

April 9, 2019

*VIA EMAIL AND U.S. MAIL*
Peter J. Fox, Esq.
Fox & Fox S.C.
111 East Wisconsin Avenue, Suite 1925
Milwaukee, Wisconsin 53202

Dear Attorney Fox:  RE: "Safe Harbor" Letter Pursuant to Rule 11 of the Federal Rules of Civil Procedure

As you are well aware both Mr. Schmidt and Metalcraft of Mayville Inc. are represented by an attorney, therefore, any and all communications and contacts should be handled through each client's attorney. Therefore, we would appreciate it if you would inform your client not to contact, communicate or correspond with my client with an application or any other matter. If there is any communication or a request for information it shall be done through the attorneys and because we are in litigation that it be done consistent with this request or the Federal Rules of Civil Procedure. We cannot communicate or contact your client to discuss factual or legal issues relevant to your recently filed lawsuit, likewise, Mr. Schmidt or you should not directly contact my client.

It is with some caution that I raise the issue of sanctions, because it may create a barrier to an open discussion regarding the open withdrawal of your Complaint. Metalcraft has been extremely patient with Mr. Schmidt's claims both in the timing of the issues and the substance of his claims that we have to consider the costs and legal fees of this litigation and the degree to it being unnecessary and the reason we have Rule 11 Federal Rules of Civil Procedure. We are asking you to withdraw your Complaint. First, your claims are barred as a matter of law as they are time barred under the Statute of Limitations. Second, there is no factual support that Mr. Schmidt was qualified, and therefore has no protection under the ADA. As you are aware, we have already undergone extensive discovery in front of Wisconsin's Equal Rights Division. Both of Mr. Schmidt's doctors have testified that he would have been unable to complete all the essential functions of the job, which as you know, is a requirement under federal law. Thirdly, Metalcraft is not a government agency, nor is it the recipient of federal funding, so it is not subject to Section 504 of the Rehabilitation Act of 1973. Therefore, with that said, we respectfully assert that there is simply no basis to assert Plaintiff's claims.



EXHIBIT 2

By now, you should have had the opportunity to review Defendant's Answer (with the attached exhibits) to your Complaint. Although you may initially disagree with our position, we ask you to give objective consideration to our request below. We take the position that the Complaint is being presented for an improper purpose and there are no facts and no law to support any of Plaintiff's claims against our client. Your Complaint should be withdrawn. The actions alleged in the recently filed Complaint is an action first filed with the EEOC and filed with that agency on or about January 21, 2016, a charge filed and signed by Mr. Schmidt on or about January 13, 2016. As you also are well aware, EEOC Charge No. 443-2016-00068C was dismissed on September 21, 2018 for not having been filed timely and the running and barred by the Statute of Limitation. The Right to Sue states in part; "…. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge…." The appeal of this case was never filed within the appropriate 90 days limitation period; 42 U.S.C. 2000e-5(f)(1) and your right to sue for Mr. Schmidt termination was lost. 29 C.F.R. Section 1601.28(e). As you should be well aware the discrete act of his termination is not a continuing violation under the Act and your client's applications and this current lawsuit do not undo the termination which is time barred. Again, your case is at least barred by the Statute of Limitations.

Your case, having less merit, even assuming, *arguendo,* that the claim is not barred by the Statute of Limitations, Mr. Schmidt is not qualified for which Mr. Schmidt applied. Without waiving our Statute of Limitations defense and as a second defense to your current lawsuit, let me state that many of the positions Mr. Schmidt applied for were already filled at the time of his applications. As important, both Mr. Schmidt's admissions and his physicians have already testified in the Equal Rights Division proceedings, that he would have been physically unable to complete all of the essential functions of the positions to which he applied. For example, all of the jobs to which Mr. Schmidt applied required lifting 25 to 55 pounds 6 to 8 hours of the shift and is a substantial function of the job. This is the information we currently have. We have attempted in the past to obtain any new or recent medical information regarding his ability or lack thereof of his being employable. You or your client through you have not provided or you have refused to provide us with medical information. We have been left with the medical information we have, which supports only a finding that Mr. Schmidt in not qualified for employment with Metalcraft. We made requests on August 24, 2017 and again on October 4, 2018 to which you acknowledged receipt. Your failure to participate as well as your unwillingness to provide the company with new and valid medical information resulted in a complete breakdown of any possible interactive process to evaluate Mr. Schmidt's qualification or need for a reasonable accommodation. You and your client have avoided the possibility of any interactive process to meaningfully and logically consider any of your requests for employment. We at least thought that we would be getting medical information that in some way contradicts what we have and what we have indicates that Mr. Schmidt is not qualified or employable at Metalcraft.

Peter J. Fox, Esq.
April 9, 2019
Page 3

Again, Metalcraft of Mayville is not subject to the Rehabilitation Act of 1973. Section 504 only applies to federal agencies and those entities receiving federal financial assistance. Metalcraft is not a federal agency, nor does it receive federal financial assistance. There is no support for bringing this claim.

At this time, we want to give you a reasonable opportunity to re-evaluate Plaintiff's lawsuit and consider voluntarily dismissing Plaintiff's case against our client, pursuant to Rule 11 of the Federal Rules of Civil Procedure. We raise these issues for substantive, non-settlement purposes and in a good faith effort to avoid unnecessary litigation. I enclose the Notice of Motion and Motion for Costs and Attorneys' Fees Pursuant to Rule 11 and we make it part of this "Safe Harbor" letter. These are difficult issues to discuss, but we believe in light of the above you would be willing to meet. If so, please call either one of us so we can schedule a meeting. Please contact either one of us with any questions you may have.

Sincerely,

MALLERY & ZIMMERMAN, S.C.

/s/ Thomas P. Krukowski
Thomas P. Krukowski
731 North Jackson Street, Suite 900
Milwaukee, Wisconsin 53202
(p) 414-271-2424
(f) 414-271-8678
tkrukowski@mzmilw.com

SMITHAMUNDSEN LLC

/s/ Deborah A. Krukowski
Deborah A. Krukowski
330 East Kilbourn Avenue, Suite 1100, Tower 1
Milwaukee, Wisconsin 53202
(p) 414-282-7103
(f) 414-282-1830
dkrukowski@salawus.com

Enclosures