



April 22, 2019

Thomas P. Krukowski
Mallery & Zimmerman
731 N. Jackson St., Ste. 900
Milwaukee, WI 53202-4697
tkrukowski@mzmilw.com

Deborah Krukowski
Smith Amundsen, LLC
330 East Kilbourn Avenue
Suite 1100, Tower 1
Milwaukee, WI 53202
dkrukowski@salawus.com

RE: Schmidt v. Metalcraft, E.D. Case No. 19-cv-209
"Safe Harbor" Letter

Dear Attorneys,

This letter responds to your letter of April 9, 2019 wherein you have accused me of filing a frivolous lawsuit. This is, of course, a very serious allegation, but in light of the facts of this case, one I believe is very inappropriate. Indeed, you raise a number of points to support your frivolity claims that misrepresent the actual record of this case. I will address each of the points you have raised, separately:

1. <u>Statute of Limitations</u>. Mr. Schmidt's lawsuit contends that he was not selected for four distinct positions for which he submitted applications between July 2016 and January 2017. Metalcraft has admitted that it refused his candidacy for these positions because of his disabilities. It has also admitted that it made no efforts to learn of or discuss in any way what accommodations, if any, he may need to perform any of the jobs

Madison
124 W Broadway
Monona, WI 53716
p: 608.258.9588
f: 608.258.9105

Milwaukee
111 E Wisconsin Ave
Suite 1925
Milwaukee, WI 53202
p: 414.326.3260
f: 414.224.1411

Chicago
111 E Wacker Dr.
Suite 2600
Chicago, IL 60601
p: 312.526.3220

info@fox-law.com
www.fox-law.com
toll free: 800.416.5368

Writer's E-mail
pfox@foxquick.com

Attorneys at Law

Michael R. Fox — mfox@foxquick.com
Mary E. Kennelly — mkennelly@foxquick.com
Richard F. Rice — rrice@foxquick.com
Randall B. Gold* — rgoldlaw@aol.com
Peter J. Fox — pfox@foxquick.com

*Also Admitted in Illinois

for which he applied. Mr. Schmidt filed a Discrimination Complaint with the Equal Rights Division in January 2017, identifying the four positions for which he applied and alleging that he was denied the four positions because of his disability. The Complaint was filed well within 300 days of his first application in July 2016 and thus, also well within 300 days of the date Metalcraft decided not to hire him.    On August 31, 2017, the ERD issued an Initial Determination of Probable Cause on Mr. Schmidt's claim that the Respondent refused to hire or employ him because of his disability. In that Initial Determination, Equal Rights Officer Jenna Konruff wrote:

> "The evidence in this case shows that the Respondent refused to hire the Complainant because of his disability. It is reasonable to believe that the Complainant applied for the new positions because he believed that he was qualified and able to perform the positions. The Respondent admits that it did not even consider the Complainant for the new positions that he applied for due to its reliance on his 2 ½-year-old disability restrictions. The Respondent's unwarranted assumption about the Complainant's outdated restrictions clearly affected the Respondent's hiring decision and gives reason to believe that the Respondent may have violated the Wisconsin Fair Employment Law."

(Initial Determination, §VI, ¶C, August 31, 2017). Nowhere in the ERD Complaint or the Initial Determination that certified this case for a Hearing on the Merits or in the Federal Complaint is there any indication that Mr. Schmidt's August 2014 termination is at issue. The premise of the argument that you continue to raise – that Mr. Schmidt was merely trying to return from a layoff to his old job – misrepresents the undisputed record. He applied for four distinct positions for which Metalcraft was seeking applications and was not considered for any of the openings. Each rejection is a discrete act of discrimination, forming the basis for distinct allegations of discrimination, which were timely filed within 300 days of the respective rejections.

It has long been established under Wisconsin (and Federal) Law that discrete acts of discrimination are stand-alone claims. Your argument completely ignores the relevant and on-point authority of *National Railroad Passenger Corp. v. Morgan*, which could not be more clear about the timeliness of Mr. Schmidt's claims in this case:

> "A discrete retaliatory or discriminatory act "occurred" on the day that it 'happened'…Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. **The**

> existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim."

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110-113 (2002). (Emphasis added). Mr. Schmidt's four separate applications for employment with Metalcraft are discrete from his termination in 2014; their respective rejections are independently discriminatory and have been timely filed.

To that end, the new allegation that Metalcraft filled the four positions at the time of his application was not raised until after this matter was withdrawn from the ERD and belies the fact that Metalcraft continued to seek applicants for open positions even after Mr. Schmidt's applications were rejected. In any event, that is a factual contention, one whose credibility will have to be tested through discovery (as opposed to an assertion from counsel).

    II.    <u>Mr. Schmidt was physically unable to perform the jobs</u>. We disagree. My client believes he could perform the jobs with some accommodations for his disabilities, a consideration your client failed entirely to make. You have also completely mischaracterized the testimony of his treating physician, Dr. Buboltz, who not only completed a return to work form in August 2016 that removed nearly all of the restrictions that had been in place when he last worked for Metalcraft, but also clearly testified that Mr. Schmidt could have performed the three positions depicted in the video by utilizing his Crow walker boot; in other words, he only needed the kneeling scooter to travel long distances, but could use the boot to work "eight hours a day in any one of (the) three positions." (Buboltz Deposition, pp. 79-81). At very minimum, Dr. Buboltz's testimony places into factual dispute whether or not Mr. Schmidt could have performed the essential functions of the 3 positions with or without some accommodation. It most definitely does not make frivolous his contention that he could.

On that note, I am confused by your allegations that I have refused to provide you with my client's medical information. My client has signed authorizations for your firm to obtain medical records from every source from which he has received medical treatment. Please explain to me what information you believe we "have not provided or have refused to provide" as well as how I have "failed to participate."

*Attorneys Thomas & Deborah Krukowski*
*Schmidt v. Metalcraft*
*April 22, 2019*
*Page 4*

   III. <u>Rehabilitation Act</u>. I believe that the applicable legal authority make federal contractors subject to claims under §504 of the Rehabilitation Act. But given that the same facts support Mr. Schmidt's ADA claim, and in the interest of simplifying the issues in this case, I will dismiss the Rehab Act claim.

   I am willing to meet to meet to discuss, as your letter invites me to do. Once you have had an opportunity to review this letter, please contact me to schedule if you are still interested in meeting.

          Sincerely,

          FOX & FOX, S.C.

          Peter J. Fox